United States District Court
Northern District of California

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12    SANTA CLARA VALLEY WATER            Case No. 19-CV-08295-LHK
      DISTRICT,
13                                        **ORDER GRANTING MOTION FOR**
                   Plaintiff,             **LEAVE TO AMEND AND REMAND**
14
            v.                            Re: Dkt. No. 26
15
      CH2M HILL, INC. and CDM SMITH INC.,
16
                   Defendants.
17

18          Plaintiff Santa Clara Valley Water District ("SCVWD") brings the instant lawsuit against

19    CH2M Hill, Inc. ("CH2M"), CDM Smith Inc. ("CDM"), and Does 1–60 for negligence, breach of

20    contract, and breach of implied covenant of good faith and fair dealing with respect to the design

21    and construction of SCVWD's Rinconada Water Treatment Plant.  Before the Court is SCVWD's

22    motion for leave to amend and remand.  SCVWD moves to amend the Complaint to join a non-

23    diverse party, which would destroy diversity jurisdiction and require that the Court remand the

24    case to state court.  Having considered the submissions of the parties, the relevant law, and the

25    record in this case, the Court GRANTS SCVWD's motion for leave to amend and remand.

26    **I.      BACKGROUND**

27       **A.  Factual Background**

28                                              1
      Case No. 19-CV-08295-LHK
      ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

1      SCVWD is a public agency that operates as a State of California Special District with

2  jurisdiction in Santa Clara County.  ECF No. 1-1 ("Compl.") ¶ 1.  CH2M is a Florida-based

3  professional engineering corporation with a principal place of business in Colorado.  *Id.* ¶ 2.

4  CDM is a Massachusetts-based professional engineering corporation with a principal place of

5  business in Massachusetts.  *Id.* ¶¶ 3–4.

6      SCVWD's Rinconada Water Treatment Plant ("RWTP") takes in raw water and processes

7  it to produce potable water.  *Id.* ¶ 10.  A key component of a water treatment facility is the

8  Residuals Management System ("RMS"), which removes solids in the water treated by the

9  facility.  *Id.* ¶ 12.  In 2008, SCVWD's Board of Directors approved a Residuals Management

10  Project to upgrade and modernize SCVWD's RMS as part of a broader Reliability Improvement

11  Project.  *Id.* ¶ 13.

12      SCVWD contracted with CH2M in June 2009 to provide planning phase services for the

13  Residuals Management Project, including a Conceptual Engineering Report to determine the

14  quantity of solids that the re-designed RMS should handle and a Final Basis of Design Report,

15  providing thirty percent of the design plans for the re-modeled RMS.  *Id.* ¶ 14.  CH2M issued the

16  Conceptual Engineering Report in May 2010 and the Final Basis of Design Report in May 2011.

17  *Id.* ¶¶ 15, 21–22.  SCVWD separately contracted with CDM in December 2010 to serve as a

18  consultant and to provide additional planning, conceptual engineering, and preliminary design of

19  the Reliability Improvement Project for the RWTP.  *Id.* ¶ 23.  SCVWD then amended the contract

20  with CDM to include preparation of the final design and construction administration services.  *Id.*

21  CDM relied on CH2M's Conceptual Engineering Report in its own design work.  *Id.* ¶ 35.

22      SCVWD alleges that the work performed by both CH2M and CDM contained significant

23  errors that resulted in an ineffective RMS, which was too small to manage current, much less

24  future, demands.  *Id.* ¶ 36.  Proposed Defendant TJC and Associates, Inc. ("TJC") is a

25  subconsultant of CDM.  ECF No. 26 ("Mot. to Remand") at 7.  SCVWD alleges that TJC played

26  an integral role in designing the defective RMS.  *Id.*  Specifically, SCVWD alleges that TJC's

27  negligent design of the flow-regulation system cut the operational capacity of a core RMS

28

United States District Court
Northern District of California

2
Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

1    component, the gravity thickeners, in half.  *Id.*  Further, SCVWD alleges that TJC's erroneous

2    design of the polymer-dosing system directly damaged another core RMS component, the

3    conveyors, and potentially harmed the centrifuges.  *Id.*  SCVWD likewise alleges that TJC

4    "specified improper equipment" for the RMS' sludge-mixing tank, "failed to design for sufficient

5    operator-access to the conveyors," ignored safety protocols in its design of fire alarms, and

6    misaligned a maintenance monorail.  *Id.* at 7–8.

7        **B. Procedural History**

8        On November 1, 2019, SCVWD filed a Complaint against CH2M, CDM, and Does 1–60

9    in the Superior Court of California for the County of Santa Clara.  Compl.  In the Complaint,

10   SCVWD alleges that the negligence of CH2M and CDM resulted in serious design defects that

11   produced an ineffective RMS that was unable to filter water at the capacity required by the RWTP.

12   *Id.* ¶ 36.  Based on these allegations, SCVWD asserted five causes of action: (1) negligence

13   against CH2M, CDM, and Does 1–60; (2) breach of contract against CH2M and Does 21–40; (3)

14   breach of implied covenant of good faith and fair dealing against CH2M and Does 21–40; (4)

15   breach of contract against CDM and Does 41–60; and (5) breach of implied covenant and good

16   faith and fair dealing against CDM and Does 21–40.  *Id.* ¶¶ 38–59.

17       On December 18, 2019, the day before responsive pleadings were due in state court, CDM

18   requested a two-week extension to file a responsive pleading, which SCVWD granted.  ECF No.

19   41-1 ("Supp. Johnson Decl.") ¶ 7 and Ex. 3.  The next day, on December 19, 2019, CH2M filed a

20   timely notice of removal.  *See* ECF No. 1.  CH2M asserted that federal diversity jurisdiction was

21   proper under 28 U.S.C. § 1332 because CH2M and SCVWD are citizens of different states, none

22   of the Defendants is a citizen of California, and SCVWD alleged $2,000,000 of damages already

23   suffered with possible damages assessed at $25,000,000.  *See* ECF No. 1 ("Notice of Removal") at

24   2; *see also* Compl. ¶ 37.

25       On December 26, 2019, CH2M then filed an Answer and Cross-Complaint against CDM.

26   *See* ECF No. 7.  On January 2, 2020, notwithstanding the notice of removal, CDM filed an

27   Answer and Cross-Complaint against CH2M in the state court action.  Supp. Johnson Decl. ¶ 9.

United States District Court
Northern District of California

28

3

Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

United States District Court
Northern District of California

1    On January 13, 2020, in light of CDM's filing in the state court action, SCVWD inquired as to

2    whether or not CDM had consented to CH2M's removal.  *Id.* ¶ 10; Ex. 2.  CDM confirmed that

3    CDM had in fact provided prior consent to removal.  *Id.*  On January 17, 2020, SCVWD then

4    notified CDM and CH2M of the need to add TJC as a non-diverse defendant because of TJC's

5    indispensable role in the design defects at the RWTP.  *Id.*  Shortly thereafter, SCVWD consulted

6    with an independent professional engineer to "understand the precise technical nature and scope of

7    TJC's design work on the RMS . . . and how that work interrelated with the design work

8    performed by CDM and CH2M."  Mot. to Remand at 9.

9    On March 6, 2020, CDM filed Answers, a Cross-Complaint against CH2M, and a Counter-

10   Complaint against SCVWD in the instant case.  *See* ECF No. 21.  On March 19, 2020, SCVWD

11   then filed the instant motion for leave to amend and remand.  Mot. to Remand.  SCVWD's

12   proposed amended complaint adds the non-diverse party TJC as a Defendant.  *See id.*  SCVWD

13   alleges three additional causes of action against TJC: (1) professional negligence; (2) negligent

14   misrepresentation; and (3) third-party beneficiary breach of contract.  *Id.* at 15–21.  On March 30,

15   2020, the parties stipulated to an extension of briefing to permit CDM and CH2M to respond by

16   June 1, 2020 and to permit SCVWD to reply by June 15, 2020.  ECF No. 30.

17   On June 1, 2020, CDM opposed SCVWD's motion for leave to amend and remand.  ECF

18   No. 34 ("CDM Opp'n").  CH2M also opposed SCVWD's motion to amend and remand on June 1,

19   2020.  ECF No. 36 ("CH2M Opp'n").  Both CDM and CH2M contend that TJC is not a necessary

20   party and that SCVWD seeks to join TJC merely to defeat diversity jurisdiction.  CDM Opp'n at

21   6; CH2M Opp'n at 2.  On June 15, 2020, SCVWD filed a reply in support of its motion for leave

22   to amend and remand.  ECF No. 41 ("Reply").

23   **II.    LEGAL STANDARD**

24   District courts in the Ninth Circuit scrutinize the "specific situation of a plaintiff

25   attempting to use a Rule 15(a) amendment 'as a matter of course' to destroy diversity jurisdiction

26   by adding claims against a non-diverse defendant [. . .] under § 1447(e)."  *McGrath v. Home*

27   *Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014); *see Clinco v. Roberts*, 41 F. Supp. 2d

28   
Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

1080, 1088 (C.D. Cal. 1999) (explaining that "a diversity-destroying amendment must be considered under the standard set by § 1447(e)"). Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In these circumstances, "[t]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

A court's decision to deny joinder of a diversity-destroying defendant after removal is subject to an abuse of discretion review. *Id.* A court's decision to remand under § 1447 for lack of subject matter jurisdiction, however, is "not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *see, e.g.*, *DeMartini v. DeMartini*, -- F.3d --, 2020 WL 3636345, at *4–6 (9th Cir. July 6, 2020) (explaining that decisions to permit joinder of diversity-destroying parties and remand under 28 U.S.C. § 1447(e) are unreviewable because of lack of subject matter jurisdiction).

## III.   DISCUSSION

SCVWD moves to amend the complaint to join TJC as a non-diverse Defendant, which would destroy federal diversity jurisdiction and require that the Court remand the instant case to state court. In deciding whether to allow joinder of a diversity-destroying defendant, district courts consider a number of factors, including: (1) whether the proposed defendant is a necessary party; (2) whether any statute of limitations would preclude an original action against the proposed defendant in state court; (3) whether the plaintiff has unjustifiably delayed in seeking joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the proposed defendant appear valid; and (6) whether denying joinder would prejudice the plaintiff. *E.g.*, *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016 (C.D. Cal. 2002). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, No. C 09–03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010). The Court therefore considers each of these factors in turn.

Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A. First Factor – The Necessary Party Standard

The first factor requires courts to determine whether a proposed defendant is a "necessary party."  SCVWD argues that the first factor weighs in favor of amendment because TJC is intimately involved in the alleged design defects and therefore joinder of TJC will preserve judicial resources.  By contrast, CH2M and CDM argue that the first factor weighs against amendment because SCVWD can obtain complete relief without joinder of TJC.  The Court agrees with SCVWD.

The Ninth Circuit has described necessary parties "as those '[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'"  *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139 (1855)).  Thus, in evaluating the first factor, courts "look at least for a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action."  *Boon*, 229 F. Supp. 2d at 1022.

The first factor may support joinder either when complete relief cannot be afforded without the additional defendant or when the proposed defendant is more than tangentially related to the case.  *See IBC Aviation Servs. Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000) ("Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief.").  Courts also look to whether permitting joinder would avoid "separate and redundant actions," inconsistent results, and the waste of judicial resources.  *IBC Aviation*, 25 F. Supp. 2d at 1011–12 (citing *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 910 (9th Cir. 1991)).  For instance, courts consider the likelihood that the existing defendants will place blame on the proposed defendant at trial.  *See Boling Air Media v. Panalpina Inc.*, 2019 WL 3798492 (E.D. Cal. Aug. 13, 2019) (finding the Rule 19 standard for joinder met when "it is possible that [the existing defendants] will blame the [proposed defendants] at trial, and will point to their empty chairs at

6

Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

1    trial if they are not joined as defendants").

2         In the instant case, SCVWD alleges that TJC was intimately involved in the RMS defects

3    at the center of the instant case.  Mot. to Remand at 9–14.  Specifically, SCVWD alleges that TJC

4    was responsible for electrical, structural, and implementation design elements of the RMS and

5    produced approximately thirty percent of the designs used in the construction of the RMS.  *Id.* at

6    9–10.  SCVWD attributes specific design defects to TJC, including a defect that impacts

7    regulation of the flow from the gravity thickeners to the sludge-mixing tank and another defect

8    that impacts regulation of the frequency and dosages of polymers required to effectively separate

9    the water.  *Id.* at 12–13.  Neither CDM nor CH2M disputes TJC's alleged intimate involvement in

10   the defects that give rise to SCVWD's causes of action.  Instead, the Defendants solely argue that

11   SCVWD may receive complete relief without joinder of TJC.  *See* CDM Opp'n at 5; CH2M

12   Opp'n at 6.

13        For instance, CH2M relies on *Newcombe v. Adolf Coors Co.* to argue that when only

14   money damages are sought and a plaintiff may receive complete relief from existing defendants,

15   the Ninth Circuit does not find a non-diverse defendant to be a necessary party.  *Id.* (citing

16   *Newcombe*, 157 F.3d at 691).  The instant case, however, is distinguishable from *Newcombe*.  In

17   *Newcombe*, the defendants (the publisher, the advertiser, and the advertised beer company) and the

18   proposed defendant (the artist) all performed distinct roles in the production of the unconsented-to

19   depiction of the plaintiff in *Sports Illustrated*.  *Newcombe*, 157 F.3d at 689–91.  In the instant

20   case, SCVWD alleges that TJC's role, unlike that of the artist in *Newcombe*, is so intertwined with

21   those of CDM and CH2M that it would be prejudicial to adjudicate relative responsibility without

22   TJC present.  Reply at 10.

23        Furthermore, SCVWD argues that without joinder of TJC, SCVWD will be forced to

24   pursue an action against TJC in state court, which will result in "almost wholly duplicative"

25   proceedings that invite inconsistent outcomes.  *See* Mot. to Remand at 24.  CDM also hints that

26   CMD will pursue such a course of action, as CDM states that "[i]t is clear that CDM is the party

27   that would be entitled to relief from TJC, not SCVWD . . . ."  CDM Opp'n. at 6.  When

28

Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

United States District Court
Northern District of California

1    disallowing the amendment would require a redundant action, courts have found that the first

2    factor weighs in favor of amendment regardless of whether or not full relief may be obtained

3    without joinder of the non-diverse defendant. *See, e.g.*, *Carillo v. FCA US LLC*, No. 20-CV-0138

4    W (LL), 2020 WL 2570122, at *3 (S.D. Cal. May 21, 2020) (focusing on the proposed

5    defendant's level of involvement and the likelihood of redundant actions under the first factor).

6    Moreover, in the instant case, even if no future claims against TJC arise, the Court finds it likely

7    that CDM will point to TJC as a source of blame at trial. Thus, under these circumstances and for

8    the reasons discussed above, the Court finds that the first factor weighs in favor of amendment.

9    **B.  Second Factor – Statute of Limitations**

10   Under the second factor, courts consider whether "a statute of limitations would affect the

11   plaintiff's ability to bring a separate suit against a new party." *Clinco*, 41 F. Supp. 2d at 1083.

12   Here, SCVWD concedes that its claims against TJC are not time barred. Mot. to Remand at 25;

13   Reply at 10. Thus, this factor does not weigh in favor of permitting amendment. *Boon*, 229 F.

14   Supp. 2d at 1023.

15   **C.  Third Factor – Timeliness of Amendment**

16   Under the third factor, courts consider whether "the amendment was attempted in a timely

17   fashion." *Clinco*, 41 F. Supp. 2d at 1083. SCVWD argues that the third factor weighs in favor of

18   amendment because SCVWD has adequately explained the reason that SCVWD did not

19   previously seek joinder of TJC and because no significant activity has yet occurred in the case.

20   CH2M and CDM argue that the third factor weighs against amendment because SCVWD's

21   amendment is untimely. The Court agrees with SCVWD.

22   In assessing the third factor, Courts determine whether a plaintiff attempted amendment in

23   a reasonable length of time following filing of the complaint. *Id.* Courts also consider whether a

24   plaintiff has provided an explanation for any delay in amending the complaint. *See, e.g.*, *Boone*,

25   229 F. Supp. 2d at 1023 (noting that plaintiffs "acted timely in filing the amendment especially in

26   light of the substitution of new counsel that occurred during the early stages of the litigation").

27   Lastly, courts consider whether significant activity occurred in federal court before the motion for

28

United States District Court
Northern District of California

Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

1    amendment was filed.  *See Yang*, 2010 WL 2680800, at *4 (weighing factor three in favor of

2    amendment after nine months where "no dispositive motions have been filed, and the discovery

3    completed thus far will be relevant whether the case is litigated in this court or state court");

4    *Graunstadt v. USS-POSCO Industries*, No. C 10-03225 SI, 2010 WL 3910145, at *3 (N.D. Cal.

5    Oct. 5, 2010) ("For a motion to amend to be granted, it is important that the litigation has not yet

6    made considerable progress.") (citing *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534 (N.D. Cal.

7    1989)).

8          In the instant case, SCVWD filed the instant motion approximately five months after the

9    Complaint and three months after removal.  District courts within the Ninth Circuit have found

10   amendment timely when a plaintiff files an amended complaint "less than three months after

11   [plaintiffs] filed their original complaint in Superior Court, and less than a month after removal."

12   *Boon*, 229 F. Supp. 2d at 1023.  CH2M relies on this "standard" and argues that SCVWD's motion

13   to amend and remand is untimely.  CH2M Opp'n at 8.  However, district courts within the Ninth

14   Circuit have also found motions to amend timely when filed up to nine months after the initial

15   complaint.  *See, e.g.*, *Negrete v. Meadowbrook Meat Co.*, No. ED CV 11-1861, 2012 WL 254039,

16   at *5 (C.D. Cal. Jan. 25, 2012) (five-and-a-half months after original filing); *Watson v. Ford*

17   *Motor Co.*, No. 18-CV-00928-SI, 2018 WL 3869563, at *2, 4 (N.D. Cal. Aug. 15, 2018) (six

18   months after original filing); *Yang*, 2010 WL 2680800, at *4 (nine months after original filing).

19   Indeed, CDM itself acknowledges that the timing in the instant case "seems to fall roughly in the

20   middle of the spectrum of what various courts have deemed timely."  CDM Opp'n at 7.

21   Moreover, SCVWD explains the delay in seeking amendment by pointing to the need to consult

22   with a professional engineer to determine whether TJC's design work was defective, a process

23   which took "considerable time."  Mot. for Remand 26.

24         As of March 19, 2020, the date SCVWD filed the instant motion for leave to amend and

25   remand, the parties had not exchanged initial disclosures, and the initial case management

26   conference had not yet occurred.  Reply at 11.  Furthermore, CDM did not appear in this federal

27   action until two weeks prior on March 6, 2020.  Mot. to Remand at 9.  As of June 10, 2020, the

28

9

Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

United States District Court
Northern District of California

United States District Court
Northern District of California

1   date of the parties' joint case management statement, "no discovery ha[d] been undertaken to

2   date." ECF No. 37 at 10.  Under these circumstances, in light of the short length of time following

3   the filing of the Complaint, SCVWD's need to obtain expert analysis, and the lack of activity in

4   the instant case, the Court finds that the third factor weighs in favor of amendment.

5       **D. Fourth Factor – Motive for Joinder**

6           Under the fourth factor, courts consider "whether joinder is intended solely to defeat

7   federal jurisdiction." *IBC Aviation*, 125 F. Supp. 2d at 1011.  SCVWD argues that the fourth

8   factor weighs in favor of amendment here because SCVWD has significantly modified the

9   proposed amended complaint to add three new causes of action against TJC, and SCVWD has

10  adequately explained why SCVWD waited to assert claims against TJC.  CH2M and CDM argue

11  that factor four weighs against amendment because SCVWD's motive for joinder is to defeat

12  diversity.  The Court agrees with CH2M and CDM, but only somewhat.

13          The Ninth Circuit has instructed that, because "motive in seeking joinder" is a relevant

14  factor in determining whether to grant amendment, "a trial court should look with particular care

15  at such motive in removal cases, when the presence of a new defendant will defeat the court's

16  diversity jurisdiction . . . ." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th

17  Cir. 1980).

18          First, in evaluating motive, courts have considered whether the plaintiff was "aware of the

19  removal" when the plaintiff amended its complaint.  *Clinco*, 41 F. Supp. 2d at 1083.  Second,

20  "courts have inferred an improper motive where the plaintiff's proposed amended complaint

21  contains only minor or insignificant changes to the original complaint." *Forward-Rossi v. Jaguar*

22  *Land Rover N. Am., LLC*, No. 2:16-CV-00949-CAS, 2016 WL 3396925, at *4 (C.D. Cal. June 13,

23  2016); *see San Jose Neurospine v. Cigna Health and Life Ins. Co.*, No. 16-CV-05061-LHK, 2016

24  WL 7242139, at *10 (N.D. Cal. Dec. 15, 2016) (weighing the fourth factor against amendment

25  when "[p]laintiff's FAC alleges all of the same facts as [p]laintiff's state court Complaint [… and]

26  asserts the same eight causes of action . . . .").  Third, courts evaluating a plaintiff's motive for

27  amendment have considered whether a plaintiff has provided an explanation for why the plaintiff

28

10

Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

United States District Court
Northern District of California

1    waited to assert claims against the non-diverse defendant.  *See Chan v. Bucephalus Alt. Energy*

2    *Grp., LLC*, 2009 WL 1108744, at \*5 (N.D. Cal. Apr. 24, 2009) (finding a proper motive for

3    joinder where the plaintiff "amended her Complaint only after discovering that [the non-diverse

4    defendant] was no longer associated with [the diverse defendant]").  Importantly, even when the

5    circumstances suggest that one of the plaintiff's motives is to defeat jurisdiction, factor four does

6    not necessarily weigh against amendment when "it is not readily apparent that it is the sole

7    motivation, particularly [when] there is a seemingly valid claim against [the proposed

8    defendant]."  *Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at

9    \*3 (N.D. Cal. Jan. 31, 2017) (weighing factor four somewhat against amendment in light of the

10   circumstances).

11           In the instant case, SCVWD was undoubtedly "aware of the removal" at the time SCVWD

12   requested amendment because CH2M filed a notice of removal on December 19, 2019, and

13   SCVWD filed the instant motion for leave to amend and remand on March 19, 2020.  *Clinco*, 41

14   F. Supp. 2d at 1083.  The circumstances of the case thus suggest that one of SCVWD's motives is

15   to defeat jurisdiction.

16           SCVWD, however, seeks to bring three new causes of action against TJC and has added

17   approximately ten pages to its proposed amended complaint in support of these allegations.  *See*

18   *generally* Mot. to Remand at 10–21.  These detailed allegations comprise more than "minor or

19   insignificant changes" to the Complaint.  *Forward-Rossi*, 2016 WL 3396925, at \*4.

20           As noted, SCVWD has also explained that it waited to assert claims against TJC because it

21   was uncertain of TJC's role in the design element defects of the RMS.  Mot. to Remand at 9.  In

22   fact, in the Complaint that SCVWD filed in California Superior Court on November 1, 2019,

23   SCVWD indicated that SCVWD was evaluating the performance of various subconsultants,

24   including TJC.  *Id.*  Specifically, SCVWD noted that "[t]he role of these subconsultants, if any, in

25   bringing about the events complained of herein has not yet been determined [. . . and SCVWD]

26   will substitute one or both of these subconsultants for Doe Defendants should discovery reveal

27   that either or both played a role in causing [SCVWD's] damages."  Compl. ¶ 26.  SCVWD

28

1    explains that it then hired an independent professional engineer to assess the work of TJC on the

2    RMS to "understand the precise technical nature and scope of TJC's design work on the RMS and

3    how that work interrelated with the design work performed by CDM and CH2M."  ECF No. 26-1

4    ("Johnson Decl.") ¶ 11.

5         In light of the detailed claims SCVWD seeks to allege against TJC and the fact that

6    SCVWD indicated in its Complaint filed in California Superior Court on November 1, 2019 that it

7    was considering its potential claims against TJC, SCVWD's motive only weighs slightly against

8    amendment.

9    **E.  Fifth Factor – Strength of Claims Against TJC**

10        Under the fifth factor, courts consider "whether a new claim sought to be added seems to

11   have merit."  *Clinco*, 41 F. Supp. 2d at 1083.  SCVWD argues that the fifth factor weighs in favor

12   of amendment because SCVWD alleges three valid causes of action against TJC in the proposed

13   amended complaint.  CH2M and CDM argue that the fifth factor weighs against amendment

14   because SCVWD's claims against TJC are invalid.  The Court agrees with SCVWD.

15        "The existence of a facially legitimate claim against the putative defendant weighs in favor

16   of permitting joinder under § 1447(e)."  *Taylor v. Honeywell Corp.*, No. 09-CV-4947-SBA, 2010

17   WL 1881459, at *3 (N.D. Cal. May 10, 2010) (citing *Righetti*, 711 F. Supp. at 534-35).  Thus, the

18   Court only need determine whether the claims SCVWD seeks to assert seem valid.  *See, e.g.*,

19   *Sandhu*, 2017 WL 403495, at *3 (noting that a court need only determine whether claim asserted

20   against proposed diversity-destroying defendant "seems valid").  In making that assessment, the

21   court uses a less rigorous standard than that used in a motion to dismiss.  *See, e.g.*, *Freeman v.*

22   *Cardinal Health Pharmacy Servs., LLC*, No. 2:14-CV-01994-JAM, 2015 WL 2006183, at *3

23   (E.D. Cal. May 1, 2015) ("[U]nder section 1447(e), the Court need only determine whether the

24   claim 'seems' valid.").

25        In the proposed amended complaint, SCVWD alleges claims of professional negligence,

26   negligent misrepresentation, and third-party beneficiary breach of contract against TJC.  Mot. to

27   Remand at 15–21.  The Court addresses each of SCVWD's claims in turn.

28

United States District Court
Northern District of California

12

Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

1          **1.  Professional Negligence**

2          In the proposed amended complaint, SCVWD seemingly alleges the necessary elements of

3  professional negligence because SCVWD alleges: (1) that a relationship giving rise to a duty of

4  care existed between SCVWD and TJC; (2) that TJC breached that duty; and (3) that the breach

5  was a proximate cause of SCVWD's claimed damages.  *Id.* at 15–17.  SCVWD relies on *Beacon*

6  *Residential Community Assn. v. Skidmore, Owings & Merrill LLP*, 59 Cal. 4th 568 (2014), to

7  allege that TJC owed a duty of care to SCVWD notwithstanding the absence of contractual privity

8  between SCVWD and TJC.  *Id.*  CDM and CH2M both argue that SCVWD's reliance on *Beacon*

9  is misguided because the holding of *Beacon* was "narrowly tailored . . . to allow residential

10  homeowners to bring a negligence claim against architects [under the Right to Repair Act]."

11  CDM Opp'n at 8; *see* CH2M Opp'n at 11 (arguing that SCVWD's "reliance on *Beacon* is

12  fundamentally flawed, because the duties and damages established in *Beacon* . . . are only

13  available to residential homeowners, as it is based on the California Right to Repair Act").

14  SCVWD, however, contends that the scope of *Beacon* is not limited to the Right to Repair Act and

15  cites numerous cases in which district courts in the Ninth Circuit have relied on *Beacon* to find the

16  existence of a duty of care without contractual privity in non-residential contexts.  Reply at 16–17.

17  The Court agrees with SCVWD's reasoning.  *See United States for Use & Benefit of Bonita*

18  *Pipeline, Inc. v. Balfour Beatty Constr. LLC*, No. 3:16-CV-00983-H-BGS, 2016 WL 10079157, at

19  *1, *4 (S.D. Cal. Sept. 9, 2016) (hanger replacement at Camp Pendleton); *Apex Directional*

20  *Drilling, LLC v. SHN Consulting Engineers & Geologists, Inc.*, 119 F. Supp. 3d 1117, 1125-26

21  (N.D. Cal. 2015) (municipal sewage construction project).

22          Moreover, in the instant case, SCVWD alleges that TJC served as the engineer in

23  "responsible charge" of thirty percent of the designs used to build the RMS.  Mot. to Remand at

24  16–17.  Hence, TJC allegedly served a "primary role" in the design of the RMS.  *See Balfour*,

25  2016 WL 10079157, at *3 (noting that duty of care for professional negligence claim may exist

26  when defendant played a "primary role" in transaction intended to affect plaintiff and when that

27  primary role is closely connected to plaintiff's injury).  Thus, the Court finds that the proposed

28
                                                 13
     Case No. 19-CV-08295-LHK
     ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

United States District Court
Northern District of California

1    professional negligence claim seems to be valid by the standard that courts use to assess factor five

2    under § 1447(e).

3         **2.  Negligent Misrepresentation**

4         CDM argues that SCVWD does not adequately plead negligent misrepresentation because

5    SCVWD "fails to provide any specific, supporting facts that show TJC acted in a deceitful or

6    fraudulent manner."  CDM Opp'n at 9.  Similarly, CH2M argues that SCVWD's claim fails

7    because SCVWD does not meet the heightened pleading standard of Rule 9(b).  CH2M Opp'n at

8    12.

9         These arguments are unpersuasive.  As SCVWD contends, the tort of negligent

10   misrepresentation "does not require intent to defraud but only the assertion, as a fact, of that which

11   is not true, by one who has no reasonable ground for believing it to be true."  Reply at 18 (quoting

12   *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1255 (2009)).  SCVWD appears to make

13   sufficiently detailed allegations against TJC regarding its role in designing the RMS, the defects in

14   those designs, and the harm those defects caused.  Johnson Decl. ¶¶ 31–37.  Moreover, SCVWD

15   correctly notes that it is unclear whether the heightened pleading standard of Rule 9(b) applies to

16   SCVWD's proposed negligent misrepresentation claim because "Ninth Circuit law is unsettled

17   regarding whether California negligent misrepresentation claims must satisfy Rule 9(b)'s

18   requirements."  *Apex Directional Drilling, LLC v. SHN Consulting Engineers & Geologists, Inc.*,

19   119 F. Supp. 3d 1117, 1128 (N.D. Cal. 2015); *see also Howard v. First Horizon Home Loan*

20   *Corp.*, No. 12-CV-05735-JST, 2013 WL 6174920, at *5 (N.D. Cal. Nov. 25, 2013) ("[T]he Court

21   concludes that to allege a negligent misrepresentation claim, Plaintiff must satisfy the

22   requirements of Rule 8, but does not need to satisfy the heightened pleading requirements of Rule

23   9(b).") .

24        Thus, the Court finds that the proposed negligent misrepresentation claim seems to be

25   valid by the standard that courts use to assess factor five under § 1447(e).

26        **3.  Third-Party Beneficiary Breach of Contract**

27

28                              14
     Case No. 19-CV-08295-LHK
     ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

United States District Court
Northern District of California

1          Both CDM and CH2M argue that SCVWD's claim of third-party breach of contract is

2   invalid because the contract between CDM and SCVWD makes CDM responsible for the work of

3   subconsultants like TJC.  CH2M Opp'n at 13; CDM Opp'n at 10.  SCVWD, however, argues that

4   the only contract that the Court should consider under a third-party beneficiary breach of contract

5   theory is the contract between CDM and TJC, not that between CDM and SCVWD.  Reply at 19.

6          The Supreme Court of California has outlined three elements that a party must meet in

7   order to bring a third-party beneficiary breach of contract claim.  *Goonewardene v. ADP, LLC*, 6

8   Cal. 5th 817, 821 (2019).  The plaintiff must establish "(1) that it is likely to benefit from the

9   contract, but also (2) that a motivating purpose of the contracting parties is to provide a benefit to

10  the third party, and further (3) that permitting the third party to bring its own breach of contract

11  action against a contracting party is consistent with the objectives of the contract and the

12  reasonable expectations of the contracting parties."  *Id.*

13         CH2M argues that because the contract between SCVWD and CDM holds CDM

14  responsible for the work of CDM's subconsultants, it would be unreasonable for TJC to be held

15  directly liable to SCVWD.  CH2M Opp'n at 13.  Although the contract between SCVWD and

16  CDM may be a relevant consideration under the third factor outlined by the Supreme Court of

17  California, the key contract is the one between CDM and TJC, which CDM has not provided.  *See*

18  *Goonewardene*, 6 Cal. 5th at 821 ("As explained, under California's third party beneficiary

19  doctrine, a third party—that is, an individual or entity that is not a party to a contract—may bring

20  a breach of contract action against a party to a contract . . . .");  Reply at 19.  Without visibility into

21  the contract between CDM and TJC, the Court cannot say that permitting SCVWD to bring a

22  breach of contract action directly against TJC is inconsistent with the reasonable expectations of

23  CDM and TJC.  The language of the contract between CDM and TJC would shed light on the

24  parties' reasonable expectations but, again, CDM has not provided the contract.  *See, e.g.*, *The*

25  *Ratcliff Architects v. Vanir Constr. Mgmt., Inc.*, 88 Cal. App. 4th 595, 599 (2001) (finding the

26  contractual language in the contract between a contractor and its subcontractors "critical" to

27  determine whether the plaintiff is a third party beneficiary to the contract); *Faulkner, USA, Inc. v.*

28

15

United States District Court
Northern District of California

1   *Durrant Grp., Inc.*, No. CV-11-08086-PHX-NVW, 2013 WL 11834262, at \*4 (D. Ariz. May 30,

2   2013) (holding that the plaintiff is not a third party beneficiary because the contractual language

3   between the defendant and the defendant's subcontractors "expressly disclaims any intent to

4   benefit any third parties").

5         Thus, the Court cannot say that SCVWD's proposed third-party beneficiary breach of

6   contract claim against TJC seems invalid.  In sum, in the instant case, SCVWD seeks to allege

7   three seemingly valid claims against TJC.  Accordingly, under these circumstances, the Court

8   finds that the fifth factor weighs in favor of amendment.

9       **F.   Sixth Factor – Prejudice to Plaintiff**

10         Finally, under the sixth factor, courts consider whether a plaintiff will "suffer undue

11   prejudice if the Court chooses not to exercise its discretion to allow joinder."  *Boon*, 229 F. Supp.

12   2d at 1025.  In the instant case, it appears that SCVWD will suffer prejudice if the Court does not

13   allow SCVWD to file the amended complaint.  Refusal to allow the amendment would require

14   SCVWD to either litigate in two forums or to forgo asserting claims against TJC.  *IBC*, 125 F.

15   Supp. 2d at 1013.  On the other hand, discovery has either still not yet begun or is in the early

16   stages.  ECF No. 37 at 10 (noting that as of June 10, 2020 joint case management statement, "[n]o

17   discovery ha[d] been undertaken to date"); *see also, e.g.*, *Watson*, 2018 WL 3869563, at \*5

18   ("Further, amendment will not prejudice a defendant when discovery has not begun.").  Thus,

19   Defendants will suffer either no prejudice or minimal prejudice.  Accordingly, under these

20   circumstances, and for the reasons discussed above, the Court finds that the sixth factor weighs in

21   favor of amendment.

22         Balancing the above factors as a whole, the Court will exercise its discretion and permit

23   amendment and joinder of TJC.  The joinder of TJC destroys diversity jurisdiction and divests this

24   Court of the remaining basis of subject matter jurisdiction.  Accordingly, this case must be

25   remanded to state court.

26   **IV.   CONCLUSION**

27         For the foregoing reasons, the Court GRANTS the motion for leave to amend.  In light of

28   

16

Case No. 19-CV-08295-LHK

ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND

United States District Court
Northern District of California

the amendment, the Court determines that it lacks subject matter jurisdiction over the instant case

and REMANDS the instant case to California Superior Court for the County of Santa Clara.  The

Clerk shall close the file.


**IT IS SO ORDERED.**


Dated: July 24, 2020

_____

LUCY H. KOH
United States District Judge

Case No. 19-CV-08295-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND